ROSA FREYRE MESTRE, ETC., demandante y recurrente, *v.* ANDRÉS OTERO JIMÉNEZ ET AL., demandados y recurridos.

*Número:* R-64-172      *Resuelto:* 30 de junio de 1966

*Víctor M. Pons,* abogado de la recurrente; *Dubón & Dubón* y *Federico García Veve,* abogados de los recurridos.

Sala Segunda integrada por su Presidente el Juez Asociado Señor Belaval y los Jueces Asociados Señores Hernández Matos, Blanco Lugo y Ramírez Bages.

PER CURIAM: Mediante el presente recurso se revisa la *sentencia sumaria* dictada por el Tribunal Superior, Sala de Caguas, por la cual se desestimó una acción de accesión interpuesta por la parte recurrente. Fundóse el juez a quo

en que del título de la propia demandante aparece que ella no es dueña del terreno en que enclava la edificación de la parte demandada que se pretende adquirir. La cláusula de referencia lee como sigue:

"Tercera: La compradora, con el consentimiento expreso de su esposo Sergio Rodríguez, aquí compareciente releva a la vendedora de todo derecho de deslinde, evicción y saneamiento por constarle de propio y personal conocimiento el título de la finca, sus linderos y cuanto en ella pueda afectar y la compareciente vendedora, Ramona Rodríguez traspasa cuanto derecho tenga o pudiera tener por cualquier aumento de cabida dentro de los linderos. Las partes hacen constar que dentro del perímetro de la finca aquí enajenada existe una construcción que se dice pertenece a Andrés Otero y cuyo solar ocupado no ha sido objeto de venta. La compradora hace constar que conoce esta situación de hechos. Cualquier derecho que la vendedora tuviera o pudiera tener con respecto a esta situación, es por la presente cedida y transferida a la compradora juntamente con la finca, siendo los gastos en que incurran por cuenta y riesgo de la compradora, quedando la vendedora relevada de toda responsabilidad."

Un recto entendimiento de la voluntad contractual nos lleva a un resultado contrario. La referida cláusula todo cuanto advierte a la compradora (la demandante) es de la existencia de una edificación ajena en el perímetro de la finca vendida. De ahí la referencia al solar "ocupado", puntualizando así que el área comprendida en el mismo no ha sido transferida al dueño de la edificación. Por eso se hace constar además que la vendedora no asume responsabilidad alguna respecto a esta situación y que cualquier derecho que pudiera tener se cede a la compradora quien sufragará "los gastos en que se incurra". El único derecho a que pueden referirse las partes es el que tiene el dueño del suelo de hacer suya cualquier edificación ajena y los gastos a que alude son a los que viene obligado a satisfacer el propietario

cuando se trata de un edificante de buena fe.(¹) Si, como sostiene el tribunal a quo, el solar no fue vendido como parte de la finca, ¿a qué derecho podría referirse la disposición contractual?; y, ¿a qué gastos?

Es significativo que a través de todo el pleito la reclamación de dominio que levanta la parte demandada se funda en la prescripción extraordinaria, o sea en su posesión, a título de dueño, por más de 34 años, con los demás requisitos que requiere la ley en estos casos. No opone título escrito alguno pues no puede exhibirlo. Es por ello que cuando intenta que se dicte sentencia sumaria a su favor acompaña a la moción cuatro declaraciones juradas para acreditar la usucapión alegada.(²)

Ahora bien, si alguna duda quedare sobre la improcedencia de la sentencia sumaria fundada en la interpretación particular que dio el juez de instancia a la tantas veces mencionada cláusula, la misma se disiparía con un examen de los autos cuyas constancias no podían desatenderse a los fines de resolver la cuestión planteada. En declaraciones juradas que se ofrecieron por la demandante en oposición a la sentencia sumaria solicitada por los demandados, Isabelino Garced, cuñado de Juan José Rodríguez, el dueño original de la finca, dice que "mi cuñado Juan José Rodríguez nunca vendió a Andrés Otero (T.A., pág. 65) [el causante de los demandados] el terreno que ocupa la casa de este"; y la demandante manifiesta:

"4) Que compré la finca de cuatro y media cuerdas (4.50) antes mencionada sabiendo que la casa antes mencionada pertenecía a la sucesión de don Andrés Otero y que el terreno ocupado

---

(¹) Observamos, de paso, que el propietario está obligado a satisfacer el valor en el mercado de la propiedad al momento en que ejercitare su derecho y no meramente el costo original de la edificación. Art. 297 del Código Civil, según enmendado por la Ley Núm. 56 de 16 de junio de 1964 (Leyes, pág. 163).

(²) La parte recurrida tendrá que enfrentarse en su día a la presunción de no inversión del título que consagra el Art. 365 del Código Civil, 31 L.P.R.A. sec. 1426.

por dicha casa es parte de la finca de cuatro y media cuerdas (4.50 cds.) precedentemente descrita haciéndose constar en la escritura antes mencionada por la cual adquirí dicha finca que dentro del perímetro de la misma existe la casa precedentemente descrita perteneciente a Andrés Otero y cuyo solar no ha sido objeto de venta, reservándoseme los derechos con respecto a la indicada situación de la casa.

"5) Que en ningún momento he reconocido a los demandados o a persona alguna que los terrenos ocupados por la mencionada sean o fueran en ocasión alguna de la propiedad de don Andrés Otero, de los herederos de éste o del también demandado Jesús Ramos Quiles y por el contrario siempre tuve los terrenos ocupados por dicha casa como parte de la finca que me pertenece y que compré a doña Ramona Rodríguez vda. de Roure."

Resulta pues claro que existe una controversia legítima sobre el hecho básico de la propiedad del solar. Siendo ello así la improcedencia de la sentencia sumaria es manifiesta.

*Se revocará la sentencia dictada por el Tribunal Superior, Sala de Caguas, en 1 de noviembre de 1963, y se devolverá el caso para que la controversia apuntada se ventile en juicio plenario.*

El Juez Asociado Señor Belaval disintió.

—0—

Opinión disidente del Juez Asociado Señor Belaval

San Juan, Puerto Rico, a 30 de junio de 1966

Cuando la finca, objeto de esta acción, pertenecía a don Juan José Rodríguez, en el año 1923, el causante de los demandados recurridos, señor Andrés Otero Rivera, construyó en el ángulo suroeste de dicha finca, junto a la carretera estatal que de Cidra conduce a Caguas, una casa vivienda de madera. Después de varios traspasos que no vienen a cuenta, por escritura Núm. 22 de 29 de junio de 1956 ante el Notario Lemuel Márques Campillo, la finca, objeto de esta acción llega a ser propiedad de doña Rosa Freire Mestre, la demandante recurrente en el presente recurso. En la cláusula

de saneamiento y evicción de dicha escritura, se añade: "Las partes hacen constar que dentro del perímetro de la finca aquí enajenada existe una construcción que se dice pertenece a Andrés Otero y cuyo solar ocupado no ha sido objeto de venta. La compradora hace constar que conoce esta situación de hechos. Cualquier derecho que la vendedora tuviera o pudiera tener con respecto a esta situación, es por la presente cedida y transferida a la compradora juntamente con la finca, siendo los gastos en que se incurran por cuenta y riesgo de la compradora, quedando la vendedora relevada de toda responsabilidad". Desde que la casa se construyó hasta que se transfiere "cualquier derecho" sobre ella a la demandante recurrente, hay una posible posesión de 34 años a favor de los demandados recurridos de parte de la finca. No es hasta el 7 de octubre de 1957 que se vende por los demandados recurridos don Andrés F. Otero Jiménez y doña Ángela Amelia Otero Jiménez al otro demandado recurrido don Jesús Ramos Quiles, la parte de la finca sobre la cual enclava la casa, descrita dicha parte como un solar de seiscientos noventa y tres metros con trescientos cinco milésimas cuadrados, según escritura Núm. 49 de 7 de octubre de 1957 ante el Notario Francisco Serrano Ramírez.

Esta transferencia sin causa, puesto que no forma parte del precio, es el título de propiedad sobre el solar de la casa que alega poseer la demandante recurrente. La ilustrada Sala sentenciadora declaró con lugar una solicitud de sentencia sumaria, por los siguientes fundamentos: "La propiedad de los bienes da derecho por accesión a los frutos y productos de los bienes y a cuanto se le incorpore o una de lo que se colige que no puede existir accesión sin previa propiedad. De la faz de la escritura en cuya virtud los demandantes adquirieron la finca en la que alegan enclava la casa en litigio aparece claramente que el solar que dicha casa ocupa no ha sido objeto de venta. Esa estipulación es contraria al

derecho de propiedad que los demandantes reclaman como base esencial a la acción de accesión que ejercitan."

En efecto: El Art. 287 del Código Civil de Puerto Rico dispone que: "La propiedad de los bienes, ya sean muebles o inmuebles lleva consigo el derecho por accesión, a todo lo que ellos producen o se les une o incorpora, natural o artificialmente." Dicho artículo está relacionado con el Art. 297, que es el que habla del derecho del dueño del terreno en que se edificare, sembrare o plantare de buena fe, a hacer suya la obra, previa la indemnización o a obligar al que fabricó a pagar el precio del terreno.

Puig Peña nos advierte que "la idea de accesión gira siempre alrededor del concepto de propiedad, por lo que no puede operarse el fenómeno jurídico de la misma sino a través de la propiedad intercedente, y desde luego, con existencia anterior a la producción del evento" III Vol. I Puig Peña *Tratado de Derecho Civil Español* 115 (ed. Revista de Derecho Privado) y Scaevola añade que el derecho total del propietario comprende en sí otros varios derechos parciales, cuyo conjunto forma precisamente aquél, tales como el de gozar, el de disponer y el de reivindicar la cosa: 6 Scaevola— *Código Civil* 456 (ed. Reus 1949).

Una de las cuestiones que se plantean en este caso, es que no habiendo la demandante recurrente obtenido por compra un título de propiedad, sino una mera transferencia de "cualquier derecho" que la anterior vendedora "tuviera o pudiera tener" sobre el único derecho que hasta el presente tiene la demandante recurrente es el derecho a establecer, en una acción de reivindicación, la nulidad del título escriturario que exhiben los demandados recurridos o a impugnar el carácter de la posesión de más de treinta cuatro años, y de buena fe, según lo demuestra el propio evento de la accesión, que surge espontáneamente de las propias alegaciones de la demandante recurrente.

En cuanto a la alegación que por tratarse de cuestiones contingentes pueden verse ambas cuestiones conjuntamente, aplicando la regla que hemos establecido para las acciones de nulidad en las cuales se solicita además la entrega de posesión, basta recordar que la demandante recurrente pretende iniciar su accesión en un título que no transmite ni el goce, ni la posesión, y que, en cuanto a su aprovechamiento, solamente podría disponer de un derecho sujeto a previa declaración por un Tribunal de Justicia, para darnos cuenta que la forma más ordenada y justa para ambas partes de proceder a resolver este asunto, es esclarecer previamente el derecho de la demandante recurrente a reclamar la propiedad del suelo.

*Debe confirmarse la resolución dictada por el Tribunal Superior de Puerto Rico, Sala de Caguas, de 1ro. de noviembre de 1963.*